509 P.2d 818

**ROY S. LUDLOW INVESTMENT COMPA-
NY, a Utah corporation, Plaintiff
and Appellant,**

v.

**Charles W. TAGGART, Trustee, et al.,
Defendants and Respondents.**

**No. 13108.**

Supreme Court of Utah.

April 30, 1973.

Paul N. Cotro-Manes, Cotro-Manes, Warr, Fankhause & Beasley, Salt Lake City, for plaintiff and appellant.

Louis M. Haynie, Salt Lake City, for defendants and respondents.

ELLETT, Justice.

The appellant, hereinafter called Ludlow, entered into an earnest money receipt and offer to purchase agreement with respondent, Taggart, whereby Ludlow would purchase all of the property owned by Taggart in Blocks 7, 10, and 11 of Mountain View Subdivision. The exact acreage was to be determined by a survey the cost of which

was to be shared equally by the parties. The price to be paid was at the rate of $5,000 per acre for the land actually conveyed.

Taggart owned some 90 or more lots in the blocks referred to, and to make certain of his ownership he hired an abstracter to make a determination thereof. Due to a typographical error the abstracter showed that Taggart owned Lot 22 in Block 7, and this lot was erroneously included in the uniform real estate contract which was subsequently executed embodying the terms of the earnest money receipt and offer.

Ludlow knew that Taggart did not own Lot 22, and he testified that he had tried unsuccessfully to purchase it from the true owner some time prior to his dealings with Taggart.

Taggart assigned, with recourse, $20,000 of the amount to be paid by Ludlow to a third party. Ludlow paid $15,000 of this amount only, and defendant Research Corporation, Taggart's assignee in interest, had to pay the remaining $5,000 to the holder of the assignment.

The court found the amount of money due by Ludlow to Taggart and included therein the $5,000 as well as interest thereon to date.

■ Ludlow complains of the inclusion of the $5,000 item and also contends that no interest should have been allowed after a certain date when he wrote a letter to Taggart's attorney, saying:

. . . [W]e are further tendering to our attorneys, . . . the unpaid portion of the contractual sum pending delivery to them of evidence of title in proper form and presentment of deeds.

Ludlow claims that this was a tender which would prevent the further accrual of interest. The contention has no validity. No money was offered to Taggart. In fact, no money was placed with the attorneys for payment to Taggart. The attorneys were indebted to Ludlow on some stock or bond transaction, and Ludlow was hoping the debt owed to him by his counsel might in some way be considered a tender to Taggart. (It should be noted that the debt had been uncollected for over one year.)

■ After hearing the evidence, the trial court ordered Taggart to specifically perform the contract by delivering title to Lot 22, Block 7, and if Taggart could not do so, the court would allow Ludlow to make proof of his damage at a later time. The court calculated the amount of money due by Ludlow to Taggart under the contract and properly assessed interest thereon.

We think the court erred in ordering specific performance. His Findings of Fact contain the following:

4. That the Plaintiff knew prior to any agreement between the parties that Lot 22, Block 7, Mountain View Subdivision was owned by one Croft; had

tried to purchase the same from Croft without success.

5. That the said Lot 22, Block 7 [w]as included in the contract through the inadvertence of McGhie Land Title Company which through error included the said lot in a preliminary title report to the defendant Taggart.

The judgment is reversed as to the order of specific performance or damage for breach thereof and otherwise affirmed except that it is remanded to permit the court to reduce the amount found due by an amount of money calculated by the acreage in Lot 22, Block 7, multiplied by $5,000, with adjustment for the interest allowed thereon. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.